UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| ROBERT W. VERA, JR., | ) | |
| | ) | |
| Plaintiff, | ) | 2:10-cv-01568 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| WELLS FARGO BANK, N.A., *et al.*, | ) | [Re: Motion at Docket 12] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 12, defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves pursuant to Federal Rule 12(b)(6) to dismiss the complaint for failure to state a claim and pursuant to Federal Rule 12(b)(7) for failure to join an indispensable party.  Plaintiff Robert W. Vera, Jr. ("plaintiff" or "Vera") opposes the motion at docket 18.  Wells Fargo's reply is at docket 22.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

In January of 2006, plaintiff and his wife took out a $364,000 loan to purchase a Phoenix home.  The loan was secured by a deed of trust on the residence.  In June of 2009, Vera began to seek modification of the terms of the loan, but continued to make

his $1747.81 monthly payments through September of 2009.  After a series of "contacts, communications and follow-ups,"[1] by letter dated October 5, 2009, Wells Fargo sent Vera a forbearance agreement.  Wells Fargo's offer would have required three monthly payments of $788.23 beginning on September 15, 2009.  Vera signed and returned the Special Forbearance Agreement to Wells Fargo on October 14, 2009.  Vera then asked Wells Fargo whether his in-full September payment would satisfy two installments under the forbearance agreement.  Vera did not receive a response.  Phone calls, letters, and emails aimed at modifying Vera's original loan continued through October of 2009.  Vera maintains that he responded to all requests for documents relating to his finances.

By letter dated November 2, 2009, Wells Fargo indicated that Vera's loan modification request had been cancelled.  Nonetheless, Vera and Wells Fargo continued to work towards modification of Vera's loan.  A notice of default was sent on November 11.  On November 19, 2009, Wells Fargo sent another letter denying Vera's loan modification request for failure to timely provide required documents.  Additional efforts to modify Vera's loan ensued.  Vera maintains that Wells Fargo continued to request documents that he had already provided and that Vera continued to provide the same documents.

By letter dated December 16, 2009, Wells Fargo again elected not to adjust the terms of Vera's mortgage for failure to provide the necessary information.  Vera then sent Wells Fargo a check for $2364.69, representing three payments at the forbearance

---

[1]Doc. 1-3 at 6.

rate.  The check included several conditions on its deposit, including one purporting to reduce the loan principal to $100,000.  Wells Fargo returned the check.  Vera then sent a check for $788.23, intending to cover a January installment at the forbearance rate. Wells Fargo initially deposited the check, but then returned the payment.

Wells Fargo offered a second and final Special Forbearance Agreement on January 27, 2010.  Vera did not respond.  At some point, Wells Fargo provided a negative report to the credit bureaus, damaging Vera's credit rating.  On March 7, 2010, Wells Fargo sent Vera another notice of default.  On March 15, 2010, Vera appealed by letter to Senator John McCain.  Wells Fargo responded to Senator McCain and a presumably related inquiry from the Office of the Comptroller of the Currency on April 1. On May 26, 2010, Wells Fargo issued a notice of trustee sale.

Vera filed suit in Maricopa County Superior Court on July 1, 2010.  Vera pled claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and credit damage.  Vera sought punitive damages and a temporary restraining order.  On July 23, 2010, the case was removed to federal court.

### III.  STANDARD OF REVIEW

**A. Failure to State a Claim**

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a plaintiff's claims.  In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[2]  Dismissal for failure to

---

[2] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[3]  "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[4]  To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[5]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]  "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[7]  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[8]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[9]

---

[3]*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[4]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[5]*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[6]*Id.*

[7]*Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[8]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[9]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

**B. Failure to Join an Indispensable Party**

Federal Rule of Civil Procedure 12(b)(7) permits a party to challenge by pre-answer motion the complaint's failure to join a required party under Federal Rule of Civil Procedure 19.[10]  A court's review of a Rule 19 motion is a two-part inquiry.  First, a court must decide whether the parties are required parties "who should normally be joined under the standards of Rule 19(a)."[11]  Second, if a party is found to be required under Rule 19(a), "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed" pursuant to Rule 19(b).[12]  Evaluation of a Rule 19 motion is "practical" and "fact specific."[13]  The moving party bears the burden of persuasion when arguing for dismissal.[14]

## IV.  DISCUSSION

**A. 12(b)(6) Motion**

### 1. Breach of Contract Claim

Vera alleges that Wells Fargo breached the Special Forbearance Agreement by 1) failing to recognize it; 2) rejecting his modified payments; 3) providing negative information to the credit bureaus; and 4) noticing a trustee's sale.[15]  Wells Fargo

---

[10]Fed. R. Civ. P. 12(b)(7).

[11]*Cachil Dehe Band of Wintun Indians v. California*, 547 F.3d 962, 969 (9th Cir. 2008).

[12]Fed. R. Civ. P. 19(b).

[13]*Cachil Dehe*, 547 F.3d at 970 (quoting *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990)).

[14]*Makah*, 910 F.2d at 558.

[15]Doc. 1-3 at 11.

maintains that Vera has not stated a breach of contract claim because Vera himself "breached the terms of the October 5, 2009 Special Forbearance Agreement by failing to remit proper and timely payments."[16]

Wells Fargo maintained in its letter to Senator McCain that it had originally approved a forbearance agreement on August 26, 2009.[17]  Under that agreement, Vera would have been required to make payments of $788.23 on September 15, October 15, and November 15 of 2009.  This comports with plaintiff's complaint, which states that the letter that plaintiff received stated that the September 1, 2009 installment (under the original terms of the loan) was due.[18]

Notwithstanding that representation in plaintiff's complaint, plaintiff maintains he did not receive a forbearance offer until October.  After contacting Wells Fargo and stating that he had not received a forbearance offer, Wells Fargo sent a letter dated October 5, 2009.[19]  That letter indicated that plaintiff's October 1 installment was due. [20] It also contained a forbearance agreement.  The terms of the forbearance agreement were identical to those described in Wells Fargo's letter to Senator McCain.  The offered agreement required three installment payments of $788.23 commencing September 15, 2009.  Plaintiff had already made his September 1 installment payment in full, and the time to perform under the forbearance agreement had expired.

---

[16]Doc. 12 at 8.

[17]Doc. 1-3 at 41.

[18]*Id.* at 6.

[19]*Id.* at 15.

[20]*Id.*

"The essential elements of a valid contract are an offer, acceptance, consideration, a sufficiently specific statement of the parties' obligations, and mutual assent."[21]   An offer is "a manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it."[22]   Because the letter was dated October 5, 2009, and required payment of $788.23 on September 15, 2009, it was not a manifestation of Wells Fargo's willingness to enter into a new agreement with Vera.   The letter may have memorialized a prior intent to enter into a forbearance agreement, but because the agreement could no longer be performed on its terms, it was not a manifestation of present intent.   Vera has not alleged that he accepted any previous offer.   The alleged contract fails for lack of mutual assent.

### 2. Breach of Implied Covenant of Good Faith and Fair Dealing Claim

"Arizona law implies a covenant of good faith and fair dealing in every contract."[23]   The covenant forbids any party from acting "to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship."[24]   Because there was no forbearance contract, Vera's claim must stem from his original loan agreement with Wells Fargo.   Vera's complaint alleges that "Wells Fargo breached its duty of good faith and fair dealing by offering to accept then rejecting [the] modified loan payments,

---

[21]*Muchesko v. Muchesko*, 955 P.2d 21, 24 (Ariz. Ct. App. 1997).

[22]Restatement (Second) of Contracts § 24.

[23]*Bike Fashion Corp. v. Kramer*, 46 P.3d 431, 435 (Ariz. Ct. App. 2002) (internal quotations omitted).

[24]*Rawlings v. Apodaca*, 726 P.2d 565, 569 (1986).

by continuing to request duplicat[e] financial records and by" reporting negative history to credit agencies.[25]  Modified payments did not flow from Vera's original loan agreement with Wells Fargo.  The financial records sought by Wells Fargo were germane to modification of the existing loan agreement.  As Wells Fargo points out in its motion, the implied covenant of good faith and fair dealing does not extend to negotiation.[26]  Finally, plaintiff has not pled facts suggesting that Wells Fargo was obligated to refrain from reporting to the credit bureaus.

### 3. Claim for Credit Damages

Wells Fargo argues that there is no common law claim for credit damages.  Vera clarifies the basis for his claim: "Wells Fargo brought him into their special program, then engaged in a campaign of confusion and without merit reported him late on his mortgage."[27]  Vera admits that "[t]he claim may be related to the contract claim and its damages."[28]  Without more, Vera's claim is not plausibly suggestive of a claim to relief and therefore does not satisfy the federal pleading standard.[29]

### B. 12(b)(7) Motion

Wells Fargo maintains that Vera's wife, Kathryn Sheppard, is an indispensable party under Rule 19.  Rule 19 provides as follows:

---

[25]Doc. 1-3 at 11.

[26]Restatement (Second) of Contracts § 205 cmt. c.

[27]Doc. 18 at 4.

[28]*Id.*

[29]*See* Fed. R. Civ. P. 8(a)(2); *Aschroft v. Iqbal*, 129 S.Ct. 1937, 1947–49 (2009).

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Wells Fargo argues that Sheppard's ability to protect her interest will be impaired in her absence. The court agrees.[30] The residence that secures the loan is held by Vera and Sheppard as community property and both individuals are co-signatories to the deed of trust.[31] Sheppard is an indispensable party.

**C. Leave to Amend**

"[I]n dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[32] Plaintiff has requested leave to amend, and a "court should freely give leave [to amend] when justice so requires."[33]

---

[30] *See Weimer v. Maricopa County Comm. College*, 184 F.R.D. 309, 310 (D. Ariz. 1998) ("[T]he preferable method of protecting [a spouse's] interest[] is to join her as a party plaintiff.").

[31] Doc. 12-1 at 3, 22. Although the warranty deed and deed of trust provided by Wells Fargo are "matters outside the pleadings" the court has not considered them for purposes of defendant's 12(b)(6) motion. *See* Fed. R. Civ. P. 12(d).

[32] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995)).

[33] Fed. R. Civ. P. 15(a)(2).

## V.  CONCLUSION

For the foregoing reasons, defendant's motion at docket 12 pursuant to Federal Rules 12(b)(6) and 12(b)(7) is **GRANTED** as follows:  Plaintiff's breach of contract, breach of implied covenant of good faith and fair dealing, and credit damages claims are **DISMISSED** without prejudice to an amended complaint.  Any such amendment must be filed within 14 days of this order and must include Kathryn Sheppard as a plaintiff.

DATED this 31st day of January 2011.


/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE