UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ROBERT W. VERA, JR., ) | |
| ) | |
| Plaintiff, ) | 2:10-cv-01568 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| WELLS FARGO BANK, N.A., et al., ) | [Re: Motion at Docket 33] |
| ) | |
| Defendants. ) | |
| ) | |

## I.  MOTION PRESENTED

At docket 33, defendant Wells Fargo, N.A. moves pursuant to Local Rule 54.2 and Arizona Revised Statute § 12-341.01(A) for an award of attorneys' fees.  Wells Fargo filed a supporting memorandum at docket 36.  Plaintiff Robert W. Vera, Jr. ("plaintiff" or "Mr. Vera") did not oppose the motion or file responsive briefing.

## II.  BACKGROUND

Detailed background is provided in the order at docket 28.  In that order, the court granted Wells Fargo's motion to dismiss Mr. Vera's claims.  The court granted

Mr. Vera's request for leave to amend his complaint.  No amended complaint was filed, and judgment was accordingly entered in favor of Wells Fargo.[1]

### III.  DISCUSSION

Arizona Revised Statute § 12-341.01 provides that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees."[2]  "The natural import of this [section] is to vest discretion in the trial court to determine the circumstances appropriate for the award of [attorneys'] fees."[3]  In exercising discretion under the statute, a court may consider: (1) the merits of the claim; (2) whether litigation could have been avoided and whether the successful party's efforts were superfluous in achieving the result; (3) whether assessing fees would cause an extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) the novelty of the legal question presented; and (6) whether the award would discourage others with tenable claims from bringing them for fear of incurring liability for attorneys' fees.[4]

As a threshold matter, it is questionable whether § 12-341.01(A) applies.  The statute gives the court discretion to award fees in actions "arising out of a contract."[5]  Here, the alleged contract failed for want of mutual assent.  Although plaintiff's breach of

---

[1] Doc. 32.

[2] A.R.S. § 12-341.01(A).

[3] *Assoc. Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985).

[4] *Id.* at 1184.

[5] A.R.S. § 12-341.01(A).

contract claim sounded in contract, it did not arise out of a contract. The court will nonetheless examine the appropriate factors.

Although Mr. Vera's claims were ultimately without merit, the same is true for any unsuccessful party's claims. Consequently, the first factor is not particularly helpful. The court disagrees with Wells Fargo's assertion that "[t]he face of the [c]omplaint and its subsequent dismissal reveal the improper motivations behind the filing of this action."[6]

With respect to the second factor, the court agrees that Wells Fargo's efforts were not superfluous. However, Wells Fargo's contention that "the case required substantial effort on the part of counsel"[7] is suspect. The case was resolved in less than a year, and Wells Fargo did not have to file an answer. Wells Fargo filed a notice of removal, successfully opposed a motion for a temporary restraining order, and successfully moved to dismiss the complaint.

Wells Fargo maintains that "[t]here is no evidence in the record to suggest that assessing attorneys' fees against [p]laintiff would cause him 'extreme hardship.'"[8] Plaintiff filed the lawsuit because he was unable to make payments on his mortgage, and because he believed the terms of his loan had been modified. Plaintiff's attorney withdrew "due to [Mr. Vera's] unfortunate inability to pay counsel for his services."[9]

---

[6]Doc. 36 at 3.

[7]*Id.*

[8]Doc. 36 at 4.

[9]Doc. 21 at 2.

Wells Fargo is seeking upwards of $30,000. This factor weighs against an award of attorneys' fees.

With respect to the fourth factor, Wells Fargo did achieve all relief sought. With respect to the fifth, Wells Fargo argues that none of plaintiff's claims were novel. The court agrees. However, contrary to Wells Fargo's conclusion, the absence of novelty weighs against an award of fees.

Finally, the court finds that individuals with meritorious claims might be discouraged from litigating them. Although Mr. Vera's claims were ultimately unsuccessful, it is inaccurate to say they "lacked any reasonable basis in fact or law."[10] In Arizona, "[t]he terms of a contract may be expressly stated or may be inferred from the conduct of the parties."[11] Although Mr. Vera did not successfully articulate a theory based on implicit terms, an argument that the parties' conduct gave rise to a loan modification would not have been frivolous. Parties whose claims are based on similar theories would likely be discouraged from litigating their claims.

## IV.  CONCLUSION

For the reasons above, Wells Fargo's motion at docket 33 for an award of attorneys' fees pursuant to Arizona Revised Statute § 12-341.01(A) is **DENIED**.

DATED this 7th day of June 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[10] Doc. 36 at 5.

[11] *Beaudry v. Ins. Co. of the West*, 50 P.3d 836, 839 (Ariz. Ct. App. 2002).